UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT HATCHER, Booking #19705701,<br><br>Plaintiff,<br><br>vs.<br><br>JACKIE BRABAN; WILLIAM G. TRAINOR; F. MICHAEL GARCIA; MRS. ABLOS,<br><br>Defendants. | Case No.: 3:19-cv-00695-DMS-BGS<br><br>**ORDER:**<br><br>**(1) DENYING MOTION TO PROCEED IN FORMA PAUPERIS AS BARRED BY 28 U.S.C. § 1915(g) [ECF No. 2]**<br><br>**AND**<br><br>**(2) DISMISSING CIVIL ACTION FOR FAILURE TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a)** |

Plaintiff, Robert Hatcher, while in custody at the San Diego Central Jail ("SDCJ"), filed this civil rights action pursuant to 42 U.S.C. § 1983 on April 15, 2019. *See* Compl., ECF No. 1. Plaintiff claims the Director, a legal runner, and staff attorney employed by the San Diego County Office of Assigned Counsel ("OAC"),[1] together with "library

---

[1] The OAC is "an independent and ethically separate division of the Department of the Public Defender. OAC arranges for high quality legal representation on behalf of individuals charged with a crime in state court who are entitled by law to court appointed attorney services but who cannot be represented by the

1

counsel" assigned to the SDCJ, have discriminated against him as a Native American in providing him legal services as a pro per litigant. *Id.*, ECF No. 1 at 2-7.

Plaintiff did not pay the civil filing fee required by 28 U.S.C. § 1914(a) at the time he filed his Complaint; instead, he seeks leave to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

## I. Motion to Proceed IFP

### A. Standard of Review

"All persons, not just prisoners, may seek IFP status." *Moore v. Maricopa County Sheriff's Office*, 657 F.3d 890, 892 (9th Cir. 2011). Prisoners like Plaintiff, however, "face … additional hurdle[s]." *Id.*

Specifically, in addition to requiring prisoners to "pay the full amount of a filing fee," in "monthly installments" or "increments" as provided by 28 U.S.C. § 1915(a)(3)(b), *Bruce v. Samuels*, __ U.S. __, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), the Prison Litigation Reform Act ("PLRA") amended section 1915 to preclude the privilege to proceed IFP:

> . . . if [a] prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "This subdivision is commonly known as the 'three strikes' provision." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005).

"Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." *Id.*; *see also Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007) (hereafter "*Cervantes*") (under the PLRA, "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule[.]"). The

---

Public Defender or Alternate Public Defender due to conflict of interest or other issues." https://www.sandiegocounty.gov/content/sdc/oac/aboutus.html (last visited May 15, 2019).

objective of the PLRA is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997). "[S]ection 1915(g)'s cap on prior dismissed claims applies to claims dismissed both before and after the statute's effective date." *Id.* at 1311.

"Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim," *Andrews*, 398 F.3d at 1116 n.1 (internal quotations omitted), "even if the district court styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee." *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008). When courts "review a dismissal to determine whether it counts as a strike, the style of the dismissal or the procedural posture is immaterial. Instead, the central question is whether the dismissal 'rang the PLRA bells of frivolous, malicious, or failure to state a claim.'" *El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016) (quoting *Blakely v. Wards*, 738 F.3d 607, 615 (4th Cir. 2013)).

Once a prisoner has accumulated three strikes, section 1915(g) prohibits his pursuit of any subsequent IFP civil action or appeal in federal court unless he faces "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g); *Cervantes*, 493 F.3d at 1051-52 (noting § 1915(g)'s exception for IFP complaints which "make[] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing.").

B.   Discussion

Plaintiff's Complaint does not include any "plausible allegations" to suggest he "faced 'imminent danger of serious physical injury' at the time of filing." *Cervantes*, 493 F.3d at 1055 (quoting 28 U.S.C. § 1915(g)). Instead, as described above, Plaintiff summarily claims different persons employed by the OAC to assist him in preparing to appear pro per in ongoing San Diego Superior Court proceedings have discriminated

///

///

against him based on his ethnicity. *See* Compl., ECF No. 1 at 3-7.[2]

And while Defendants typically carry the initial burden to produce evidence demonstrating a prisoner is not entitled to proceed IFP, *Andrews*, 398 F.3d at 1119, "in some instances, the district court docket may be sufficient to show that a prior dismissal satisfies at least one on the criteria under § 1915(g) and therefore counts as a strike." *Id.* at 1120. That is the case here.

A court may take judicial notice of its own records, *see Molus v. Swan*, Civil Case No. 3:05-cv-00452-MMA-WMc, 2009 WL 160937, *2 (S.D. Cal. Jan. 22, 2009) (citing *United States v. Author Services*, 804 F.2d 1520, 1523 (9th Cir. 1986)); *Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1034 (C.D. Cal. 2015), and "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)); *see also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

Therefore, this Court takes judicial notice of its own records and finds that Plaintiff Robert Hatcher, currently identified as San Diego County Sheriff's Department Inmate Booking No. 19705701, and while incarcerated, has filed three prior civil actions or appeals that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted.

///

---

[2] Plaintiff attaches to his Complaint dozens of exhibits comprised of correspondence between him and the OAC regarding his various legal services requests. *See* Compl., Doc. No. 1 at 12-83. But while "much liberality is allowed in construing pro se complaints, a pro se litigant cannot simply dump a stack of exhibits on the court and expect the court to sift through them to determine if some nugget is buried somewhere in that mountain of papers, waiting to be unearthed and refined into a cognizable claim." *Samtani v. City of Laredo*, 274 F. Supp. 3d 695, at *2 (S.D. Texas 2017). "The Court will not comb through attached exhibits seeking to determine whether a claim possibly could have been stated where the pleading itself does not state a claim. In short, [Plaintiff] must state a claim, not merely attach exhibits." *Stewart v. Nevada*, No. 2:09-CV-01063, 2011 WL 588485, at *2 (D. Nev. Feb. 9, 2011).

They are:

1) *Hatcher v. Aurthur, et al.*, Civil Case No. 3:18-cv-00491-LAB-KSC (S.D. Cal. Mar. 31, 2018) (Order Denying Motion to Proceed IFP and Dismissing Civil Action as Frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)) (ECF No. 3) (strike one);

2) *Hatcher v. Monahan*, Civil Case No. 3:18-cv-00492-CAB-KSC (S.D. Cal. April 5, 2018) (Order Granting Motions to Proceed IFP and Dismissing Complaint for Failing to State a Claim pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b)) (ECF No. 12); (S. D. Cal., June 14, 2018) (Order Dismissing Civil Action for Failing to State a Claim pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b) and for Failing to Prosecute in Compliance with Court Order requiring Amendment)) (ECF No. 17) (strike two)[3]; and

3) *Hatcher v. Dr. Blake, et al.*, Civil Case No. 3:18-cv-00561-MMA-MDD (S.D. Cal. May 17, 2018) (Order Granting Motion to Proceed IFP and Dismissing Complaint for Failing to State a Claim pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b)) (ECF No. 8); (S.D. Cal. July 17, 2018) (Order Dismissing Civil Action for Failing to State a Claim pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A and for Failing to Prosecute in Compliance with Court Order requiring Amendment)) (ECF No. 10) (strike three).

Accordingly, because Plaintiff has, while incarcerated, accumulated three "strikes" pursuant to § 1915(g), and he fails to make a "plausible allegation" that he faced imminent danger of serious physical injury at the time he filed his Complaint, he is not entitled to the privilege of proceeding IFP in this action. *See Cervantes*, 493 F.3d at 1055; *Rodriguez*, 169 F.3d at 1180 (finding that 28 U.S.C. § 1915(g) "does not prevent all prisoners from accessing the courts; it only precludes prisoners with a history of abusing the legal system from continuing to abuse it while enjoying IFP status"); *see also Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) ("[C]ourt permission to proceed IFP is itself a matter of privilege and not right.").

---

[3] *See Harris v. Mangum*, 863 F.3d 1133, 1143 (9th Cir. 2017) ("[W]hen (1) a district court dismisses a complaint on the ground that it fails to state a claim, and (2) the court grants leave to amend, and (3) the plaintiff then fails to file an amended complaint, the dismissal counts as a strike under § 1915(g).").

5

### III. Conclusion

For the reasons explained, the Court:

(1) **DENIES** Plaintiff's Motion to Proceed IFP (ECF No. 2) as barred by 28 U.S.C. § 1915(g);

(2) **DISMISSES** this civil action sua sponte for failing to prepay the $400 civil and administrative filing fees required by 28 U.S.C. § 1914(a);

(3) **CERTIFIES** that an IFP appeal would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3); and

(4) **DIRECTS** the Clerk of Court to enter a judgment of dismissal and close the file.

**IT IS SO ORDERED**.

Dated: May 15, 2019

*[signature]*
Hon. Dana M. Sabraw
United States District Judge